IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TEMPLE EAGLE PARTNERS, LTD. | § | |
| d/b/a EAGLE SELF STORAGE | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:20-cv-00912 |
| | § | |
| DEPOSITORS INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Depositors Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Temple Eagle Partners, Ltd., d/b/a Eagle Self Storage v. Depositors Insurance Company*; Cause No. 319,164-B; In the 146th Judicial District of Bell County, Texas.

## I.
## BACKGROUND

Plaintiff Temple Eagle Partners, Ltd. d/b/a Eagle Self Storage (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 319,164-B; In the 146th Judicial District of Bell County, Texas on August 5, 2020 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1. Defendant appeared and answered on October 2, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 146th Judicial District Court of Bell County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

6. Plaintiff is a Texas limited liability partnership and maintains its principal place of business in Texas.[1] The citizenship of a limited partnership is based upon the citizenship of each of its partners.[2] A diligent search of publicly available information on the members of Temple Eagle Partners, Ltd. has been conducted. Based upon the publicly available information, the partners are citizens of Texas. Specifically, the Texas Franchise Tax Public Information Report signed on behalf of Temple Eagle Partners, Ltd. on March 10, 2019, lists the following as "each officer, director, member, general partner or manager": (1) Rick Bandas, Jr.; and (2) Janet Bandas. Rick

---

[1] Plaintiff's Petition states that Plaintiff resides in Bell County, Texas. *See* Exhibit A at ¶ 2.

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (*citing Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021-22, 108 L.Ed.2d 157 (1990)).

Bandas, Jr. and Janet Bandas are both domiciled in Texas and thus are citizens of the state of Texas. No other current partners Temple Eagle Partners, Ltd. were discovered through a diligent search and review of publicly available records and Depositors has no reason to believe that any members share the citizenship of Depositors. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff Temple Eagle Partners, Ltd. is a citizen of the state of Texas.

7. Depositors Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Depositors is a citizen of the state of Ohio.

8. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

9. It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[3] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[4]

10. Here, Plaintiff seeks "monetary relief in excess of $1,000,000."[5] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition. Plaintiff further alleges the damage to the property is estimated at $828,760.63 and that Depositors

---

[3]  28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[4]  *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[5]  *See* Exhibit A, Plaintiff's Original Petition, at ¶ 59.

"ultimately refused any coverage."[6] Plaintiff seeks, among other things, actual damages, treble damages, exemplary damages; penalties, and attorney's fees. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[7]

11. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

12. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

---

[6] *See* Exhibit A, Plaintiff's Original Petition, at ¶¶ 13-14.

[7] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
DEPOSITORS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served via Certified Mail this the 2nd day of October, 2020 to:

Chad T. Wilson                                                        *#9414 7266 9904 2137 9656 39*
Patrick C. McGinnis
Chad T. Wilson Law Firm, PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp